**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1017-17T4

TERRY LYNN HOGAN,

      Petitioner-Appellant,

v.

BOARD OF TRUSTEES, POLICE
AND FIREMEN'S RETIREMENT
SYSTEM,

      Respondent-Respondent.

_____

        Submitted January 17, 2019 – Decided May 1, 2019

        Before Judges O'Connor and Whipple.

        On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. 3-10-052984.

        Fusco & Macaluso Partners, LLC, attorneys for appellant (Amie E. DiCola and Giovanna Giampa, on the briefs).

        Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney

General, of counsel; Austin J. Edwards, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Terry Lynn Hogan appeals from a September 12, 2017 decision of the Board of Trustees, Police and Firemen's Retirement System (the Board) adopting an initial decision of the Office of Administrative Law denying her petition for accidental retirement benefits. We affirm.

Petitioner was employed by the Pine Hill Police Department for eighteen years, serving as a physical training instructor during the time relevant to this matter. On April 13, 2015, she fell and injured her left ankle while leading a group of police recruits on a two-mile training run through a wooded path. Her ankle required surgery and she was forced to retire. She prepared a report shortly after the accident wherein she reported she rolled her ankle. Petitioner applied for and was granted ordinary disability benefits. However, in her application for accidental disability benefits, pursuant to N.J.S.A. 43:15A-43, she alleged she sustained an injury running on uneven ground. Her application was denied. Petitioner appealed to the Office of Administrative Law and the Administrative Law Judge (ALJ) conducted a hearing.

Petitioner testified she tripped over a protruding tree root while running and this caused her ankle injury. This was the first time petitioner added the

detail that the tree root, an external force, caused her injury. She had no photographs of the tree root or corroborating testimony. Having observed petitioner's demeanor, the ALJ found the recent assertion regarding the tree root not credible. The ALJ made a factual finding petitioner was injured on her own accord and did not trip over a tree root. The ALJ applied the case law defining "accident" pursuant to N.J.S.A. 43:15A-43 and concluded the nature of petitioner's injury did not qualify her for accidental disability benefits. The Board adopted the ALJ's findings of fact and legal conclusions and denied appellant's application for accidental disability benefits. This appeal followed.

We will not overturn an administrative action "in the absence of a showing that it was arbitrary, capricious or unreasonable, or that it lacks fair support in the record." Hemsey v. Bd. of Trs., Police & Fireman's Ret. Sys., 198 N.J. 215, 223-24 (2009) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). An agency's findings of fact "are considered binding on appeal when supported by adequate, substantial and credible evidence." In re Taylor, 158 N.J. 644, 656 (1999) (quoting Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). However, we owe no deference to an administrative agency's interpretation of legal precedent. Bowser v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 165, 171 (App. Div. 2018).

3

N.J.S.A. 43:15A-43 affords additional disability benefits to state workers who become "permanently and totally disabled as a direct result of a traumatic event occurring during and as a result of the performance of his regular or assigned duties." In Richardson v. Board of Trustees, Police and Firemen's Retirement System, our Supreme Court prescribed a five-part conjunctive test to determine when an injury was a direct result of a traumatic event. 192 N.J. 189, 212-13 (2007). An applicant must prove:

> (1) that he [or she] is permanently and totally disabled;
>
> (2) as a direct result of a traumatic event that is
>
>> (a) identifiable as to time and place,
>>
>> (b) undesigned and unexpected, and
>
> (c) caused by a circumstance external to the member (not the result of pre-existing disease that is aggravated or accelerated by the work);
>
> (3) that the traumatic event occurred during and as a result of the member's regular or assigned duties;
>
> (4) that the disability was not the result of the member's willful negligence; and
>
> (5) that the member is mentally or physically incapacitated from performing his [or her] usual or any other duty.
>
> [Ibid.]

A-1017-17T4

Here, the issue is whether petitioner's injury was specifically "caused by a circumstance external to" petitioner. External means an "influence or cause outside the member [her]self." Id. at 212. A policeman shot while pursuing a suspect, a librarian hit by a falling bookshelf, or a social worker catching her hand in the car door while transporting a child to court would all qualify as injuries caused by an external force. See, e.g., Richardson, 192 N.J. at 214; see also Brooks v. Bd. of Trs., 425 N.J. Super. 277, 278, 283 (App. Div. 2012) (custodian granted accidental disability benefits when he and several students were carrying a 300-pound weight bench and the students suddenly dropped it). "[N]o particular amount of force is necessary," but in each of these examples, a force outside of their control, and not their own negligence injured the actor.

Here, the ALJ determined petitioner was injured on her own accord. Petitioner was running, as intended, and rolled her ankle in a way that was not "extraordinary or unusual in common experience." Richardson, 192 N.J. at 201. Therefore, her injury was not "accidental," under the meaning of the statute, because it was caused by her own physical exertion and was a natural and foreseeable consequence, not an external force. The ALJ also concluded petitioner's assertion she tripped on a tree root was a recent fabrication and defied credibility. However, even if the judge had found petitioner tripped on a

5

tree root, her injury would still be attributable to her own simple negligence because tripping on a tree route while running on an unpaved wooded path is not an unusual or unexpected circumstance. Given that an agency's findings of fact are binding when supported by adequate, substantial, and credible evidence, and the particular deference we pay to credibility determinations, we are constrained to affirm.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1017-17T4